The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>　　　　Plaintiff <br><br>　　　v. <br><br>DESMOND D. BOSTICK, <br><br>　　　　Defendant. | NO. CR23-155 JNW <br><br> **DISCOVERY PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Desmond D. Bostick, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. <u>Protected Material</u>

The following are deemed Protected Material: materials so designated by counsel for the United States that contain personal identifying information about individuals not parties to this litigation, where due to the nature of the underlying discovery material and the charged crimes the government does not believe redaction can reasonably address the same confidentiality concerns. The United States will make available copies of the Protected Material, including those filed under seal, to defense counsel to comply with

DISCOVERY PROTECTIVE ORDER - 1
*United States v. Bostick, CR23-155 JNW*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the government's discovery obligations. Possession of copies of the Protected Material is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

2. Scope of Review of Protected Material

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and they agree not to duplicate and provide copies of Protected Material to the Defendant and other persons. Defense counsel may provide to the Defendant a redacted copy of the Protected Material that has either (a) been redacted by government counsel or (b) been redacted by defense counsel and approved by government counsel.

3. Consent to Terms of Protective Order

The attorney of record for the Defendant is required, prior to disseminating any copies of the Protected Material to permitted recipients, such as other members of the defense team, to provide a copy of this Protective Order to those permitted recipients, and to obtain the written consent by those recipients of the terms and conditions of this Protective Order. Such written consent shall not, however, be required with respect to members of the defense team who are employed by the same office as the attorney of record; in such case, it shall be sufficient for the attorney of record to provide a copy of this Protective Order to such other members of the defense team and to remind them of their obligations under the Order. The written consent need not be disclosed or produced to the United States unless requested by the government and ordered by the Court.

//

//

DISCOVERY PROTECTIVE ORDER - 2
*United States v. Bostick, CR23-155 JNW*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. <u>Nontermination</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution. The provisions of this Order shall terminate only by court order.

7. <u>Violation of Protective Order</u>

The Defendant is on notice that should he violate the terms of this protection order, the United States reserves the right to seek appropriate relief from the Court.

DATED this 13th day of February, 2024.

_____
Jamal N. Whitehead
United States District Judge

Presented by:

DISCOVERY PROTECTIVE ORDER - 3
*United States v. Bostick, CR23-155 JNW*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970


1  
2 */s/ Sean H. Waite*  
SEAN H. WAITE  
3 Assistant United States Attorney  

4 */s/Approved via Email 02/12/2024*  
DENNIS CARROLL  
5 Assistant Federal Public Defender  

6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  

DISCOVERY PROTECTIVE ORDER - 4  
*United States v. Bostick, CR23-155 JNW*

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970