UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-00155 |
| Plaintiff, | ORDER |
| v. | |
| DESMOND D. BOSTICK, | |
| Defendant. | |

# 1. TRIAL PROCEDURES

**1.1  Daily Trial Schedule.**

Trial typically runs five days a week, Monday through Friday. Judge Whitehead usually holds in-custody hearings in criminal matters on Thursdays, so there is a chance that trial may be shortened on those days.

The courtroom is open to the parties starting at around 8:15 a.m. each day. Counsel should be ready and available to address pretrial matters, if any, by 8:30 a.m. Trial will begin promptly at 9:00 a.m. and end each day at 4:15 p.m.

15-minute recesses will be taken at 10:30 a.m. and 2:45 p.m. And a lunch recess will be taken from 12:00 to 1:30 p.m., although counsel should be ready and

ORDER - 1

available to address any trial matters that need to be discussed outside the presence of the jury, if any, by 1:15 p.m.

At the request of the parties, the first day of trial will consist only of jury selection and opening statements.

**1.2 Jury Selection.**

The jury will consist of 12 members, with one alternate. The alternate will be randomly selected at the end of the case, just before deliberations.

The Court will examine the prospective jurors using "screening" questions to identify hardships and conflicts. These questions can generally be answered with a "yes" or "no" response. The parties may also submit general screening questions, which the Court may ask of panel members, but must do so by April 9, 2024. Open-ended questions or multi-part questions are not appropriate for this portion of voir dire.

Following the Courts screening, counsel may examine the panel members directly. Each side will receive 20 minutes for questioning, but regardless of time, the Court will instruct counsel to move on with the examination if questioning becomes too repetitive or irrelevant, or if counsel tries to argue the merits of the case.

After the attorneys' voir dire, the parties may challenge for cause—this is usually done at sidebar or during a recess. The Court will not indicate to the panel who made a challenge for cause. For example, the Court may simply say, "Juror No. 3 is excused," or "There are no challenges for cause that will be sustained."

Once all challenges for cause have been heard, the Court will hear peremptory challenges. In most cases, the Government will have six (6) peremptory challenges and the Defendant or Defendants will jointly have 10 peremptory challenges. See Fed. R. Crim. P. 24(b). Peremptory challenges will be noted on a "strike sheet" in alternating fashion, beginning with the Government. When each side has completed its challenges (or waived any further challenges), the strike sheet is signed and given to the Courtroom Deputy. Peremptory challenges must not be used to exclude potential jurors for discriminatory reasons. *See Batson v. Kentucky*, 476 U.S. 79 (1986).

The jurors will be the panelists with the lowest numbers remaining after all challenges have been exercised. The Courtroom Deputy then reads the numbers of the jurors who will remain and places them in the jury box. The jury is sworn and empaneled and the panelists who will not be serving are thanked and excused.

**1.3     Jury Instructions.**

As much as possible, the parties should agree on one stipulated set of proposed jury instructions. Only true uncertainty about the binding substantive law should prevent such agreement. The Court will usually follow the current version of the Manual of Model Jury Instructions for the Ninth Circuit. The parties should identify whether a proposed instruction is Preliminary (i.e., to be given at the start of trial), In-Trial (i.e., to be given, as necessary, during trial), or Final (i.e., to be given at the conclusion of evidence).

Judge Whitehead's standard preliminary jury instructions include Ninth Circuit Model Criminal Jury Instruction Nos. 1.1, 1.2, 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9. 1.10, 1.11, and 1.16.

Judge Whitehead's standard instructions at the conclusion of evidence include Ninth Circuit Model Civil Jury Instruction Nos. 6.1, 6.2, 6.5, 6.6, 6.7, 6.8, 6.9, 6.19, 6.20, 6.21, 6.22, and 6.23.

The parties need not include the Court's standard instructions with their proposed instructions, but they are free to object to the Court's standard instructions or propose modifications as they see fit.

The parties must follow CrR 30 in all other respects.

**1.4    Exhibits.**

The parties must deliver one physical set and one electronic set of the trial exhibits to Judge Whitehead's Courtroom Deputy, Grant Cogswell, five (5) days before the trial date. Each exhibit must be clearly pre-marked.

The Government's exhibits should be numbered consecutively beginning with 1, or in some other organized fashion; Defendant's exhibits should include the prefix "A" and should be numbered consecutively beginning with A-1. Duplicate exhibits should not be listed. Each set of exhibits must be submitted in a three-ring binder with appropriately numbered tabs.

The parties must also send an electronic copy of all exhibits in PDF format with Optical Character Recognition (OCR) searchable text to Mr. Cogswell. The parties should notify the Court of any physical objects or files that cannot be

ORDER - 4

transmitted electronically. Exhibits must be marked as described above, and the protocols below also apply: (1) electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters (e.g., Ex. 1 – Accident Scene Photo; Ex. A-1 – Email dated 4-03-23).

Even stipulated exhibits and other exhibits the Court finds admissible must be offered into evidence before they are formally admitted at trial.

## 2. COURTROOM ETIQUETTE

**2.1 Lectern.**

All argument and witness questioning should occur from the courtroom lectern. Do not approach the jury or a witness without permission.

**2.2 Accommodations.**

If you need an accommodation for a court appearance or have accessibility-related questions, please contact Judge Whitehead's courtroom deputy.

**2.3 Pronouns and Honorifics.**

The Court invites parties and counsel to share their honorifics or pronouns—such as Ms., Mx., or Mr.—so that the Court may address them respectfully. People appearing before the Court may do so in an email to, by speaking with Judge Whitehead's Courtroom Deputy, or when appearing for court.

ORDER - 5

### 2.4 Personal Electronic Devices.

Cellphones are allowed inside Judge Whitehead's courtroom, but they must be turned off when court is in session. If your laptop or tablet features a digital assistant (e.g., Siri), be sure to disable the voice-prompt or always-listening feature to avoid accidental courtroom interruptions.

### 2.5 General Advice.

- Be on time.
- Stand when speaking. *But see* Section 2.2.
- Address all remarks to the Court, not opposing counsel or the opposing party.
- Be professional and ethical.
- Be courteous and respectful to courtroom staff at all times.

## 3. THE COURT'S DRAFT NEUTRAL STATEMENT

Mr. Bostick has been charged with one count of abusive sexual contract in a special aircraft jurisdiction of the United States. It is alleged that Mr. Bostick knowingly and intentionally engaged in sexual contact with a female passenger by touching her buttocks without permission and with the intent to abuse, humiliate, harass, degrade, or arouse or gratify his sexual desire while on board an airline flight from San Diego, California, to SeaTac, Washington. Mr. Bostick denies this allegation and has plead not guilty to the charge. He is exercising his Constitutional right to a jury trial, and he is presumed to be innocent unless and until the Government proves his guilt beyond a reasonable doubt.

Dated this 4th day of April, 2024.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 7